## JOSEPH E. WEST *v.* THOMAS PAIGE.

1. The mere filing of a replication is not a compliance with a rule to speed the cause.

2. In the absence of any established practice or rule in our own court to the contrary, we follow the English practice in all cases where such practice is not rendered inapplicable by some statutory provision, or does not violate the spirit of our statutory regulations.

3. The statutory provision which requires that every cause shall be set down for hearing at the next stated term after the filing of the replication, renders the English practice in this case inapplicable.

4. Where, on the 20th May, the defendant took an order on the complainant to speed his cause, and the order was served on the day following, and on the 22d the complainant filed his replication and took no further step in the cause, it was held that the defendant was entitled to have the bill dismissed at the next stated term, because the complainant had not, in compliance with the statute, brought his cause to a hearing at that term.

This was a matter of practice, which was heard at the October Term, on motion to dismiss the bill.

*Mr. Browning,* for motion.

*W. Halstead, contra.*

THE CHANCELLOR. On the twentieth of May last past, the defendant took an order on the complainant to speed his cause. The order was served on the day following, and on the twenty-second day of May, the day after service, the complainant filed his replication.

On behalf of the defendants, it is now moved to dismiss the bill, on the ground that the mere filing of a replication is not a compliance with the rule to speed the cause.

It was said, on the argument, that Chancellor Pennington decided that the filing of a replication, without taking any further step in the cause, was not a compliance with the rule.

This is stated from mere recollection, and no record is

West v. Paige.

referred to of such a decision. I think, however, such a decision, if made, was upon correct principles.

In the absence of any established practice or rule in our own court to the contrary, we follow the English practice, in all cases where such practice is not rendered inapplicable by some statutory provision, or does not violate the spirit of our statutory regulations.

The statute regulating the practice of this court, (*R. S.*, page 912, sec. 45,) renders the English practice, to the point in controversy, inapplicable.

The statute referred to entitles the defendant to have this bill dismissed, because the complainant has not, in compliance with that statute, brought his cause to a hearing at the present term of the court.

The court may, on just cause and reasonable terms, allow further time for the hearing ; and I am willing now to hear such application, if the complainant's counsel desires to make it.

CITED *in Schenck* v. *Conover*, 2 *Beas.* 33; *Ratzer* v *Ratzer*, 2 *Stew.* 163.